# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CSD TOUHY, LLC**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12 C 5109 |
| | ) |
| **JEWEL FOOD STORES, INC.**; | ) |
| **LEOPARDO COMPANIES, INC.**; | ) |
| **BULLDOG EARTH MOVERS, INC.**; | ) |
| and **SCIORTINO GROUP, INC.**, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| **SCIORTINO GROUP, INC.**, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **RELIANCE LANE INVESTORS, LLC**, | ) |
| | ) |
| Third-Party Defendant. | ) |

## **MEMORANDUM ORDER**

When Reliance Lane Investors I, LLC ("Reliance Lane") complied with this District Court's LR 5.2(f) by delivering a paper copy of its Answer and Affirmative Defenses to a Third Party Complaint brought against it by Sciortino Group, Inc. ("Sciortino"), neither this Court's recollection nor its review of its chambers file provided any hint of its ever having received that Third Party Complaint. That in turn led to printing out the docket in the case, which revealed that Sciortino's counsel had violated LR 5.2(f) not once but twice -- they had never delivered either Sciortino's Answer and Affirmative Defenses to the Second Amended

Complaint ("SAC") filed by plaintiff CSD Touhy, LLC ("CSD") (Docket No. 32) or Sciortino's Third Party Complaint against Reliance Lane (Docket No. 47).

This memorandum order is accordingly issued for two reasons. To begin with, as a matter of policing compliance with that LR and the corresponding express directive in this Court's website, counsel for Sciortino are ordered to remit the sum of $200 to the Clerk of the District Court, coupled with a direction that identifies that $200 fine as relating to this action. And next, as explained hereafter, both Sciortino's Answer and Affirmative Defenses and Reliance Lane's recent response require the respective pleaders to go back to the drawing board.

First, here are the problematic aspects of Sciortino's Docket No. 32 pleading:

1. Each of Answer ¶¶ 1 and 22 asserts that a statute cited in the SAC "speaks for itself and does not require an answer from Sciortino." That is simply wrong -- see App'x ¶ 3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

2. Sciortino's numerous efforts to invoke the disclaimer provided for in Fed. R. Civ. P. ("Rule") 8(b)(5), found at Answer ¶¶ 4 through 7 and 9 through 16, are unacceptable, particularly where that Rule provides such a clear roadmap for the pleader -- see App'x ¶ 2 to State Farm. In addition, Sciortino's demands for "strict proof" -- whatever that is -- play no part in proper pleading vocabulary and should be abandoned.

3. As for Sciortino's Affirmative Defenses ("ADs"), this Court will leave it to CSD's counsel to address any perceived inadequacies, with one exception: AD 1 is nothing more than a nonconstructive quibble over language, and it is stricken.

Sciortino's counsel are ordered to cure the deficiencies identified here by an amendment to its pleading (not a self-contained rewrite of the entire pleading) on or before June 6, 2014.

As for Reliance Lane, its counsel appears to have caught what seems to be a communicable disease from Sciortino's lawyers. They too have misused the potential availability of a disclaimer by also failing to track Rule 8(b)(5), even to the extent of employing the same meaningless demand for "strict proof" -- see Answer ¶¶ 1, 2, 4, 15 and 18. And they too impermissibly employ the "speaks for itself" ploy to avoid answering Sciortino's Third Party Complaint ¶¶ 7 and 9. Hence Reliance Lane's counsel are also ordered to cure their deficiencies identified in this memorandum order by an amendment to its pleading on or before the same June 6 date.

No charge may be made to Sciortino or Reliance Lane by their respective counsel for the added work and expense incurred in correcting counsels' errors. Both Sciortino's and Reliance Lane's counsel are ordered to apprise their respective clients to that effect by letter, with a copy of each letter to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: May 23, 2014